Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle (Yamali) Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:   (212) 292-5390
Facsimile:   (212) 292-5391
*Attorneys for Plaintiff*
*Smart Study Co., Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMART STUDY CO., LTD.,<br><br>*Plaintiff*<br><br>v.<br><br>AWYJCAS DIRECT, BABY GIFT, BAKDROPDAY, CALING TEA SET, CANDY BOUTIQUE STORE, CHUQ, DAHEI, DALITA BOUTIQUE, DISPLAY IT, DOTREWES, EARTHDEALS, EGAO-US, ETHOUSE, FAMVINKLE, FANZHANGYI, FIREFAIRY PARTY SIGN, FUNDISINN SHOP, GEMSHARK, GONZEY, GUANGZHOUCILIMAOYIYOUXIANGONGSI, GUOFENGXIN, HEARTLAND GO, HEFEIYUEJIAHUANJINGGONGCHENGYOUXIANGONGSI, HISOKAY, HONGKAI, HOTBABA, HUIJIA WANG, HXEZOC, IOYOUHI, JIAZSTYLED, JINHIT, JINYI1103, JIOJIOLIN, JX-STORE, KAKADAIN, LAPARTY, LAVENTY, LE SOURCE, LINNAN, LOMODA, LONGSKY, LUO HE CAI YAO SHANG MAO YOU XIAN GONG SI, LUOHEQIANXUESHANGMAO, MAY-RECORDS, MENGSHIHANG, MGLDSJT, MISS SU ZHAO YING, ORANGUU, PARTICO, PARTY HEBOLAND, PINGDEAR, QINGXUAN | CIVIL ACTION<br>No. 21-CV-3944 (PAC)<br><br>(~~PROPOSED~~) /*PAC*<br>FINAL DEFAULT JUDGEMENT<br>AND PERMANENT INJUNCTION<br>ORDER |

CLOTHING STORE, QISHILAOGONG, SABRIA, SENWAN GIFT STORE, SFGFHHJJH, SHARKSHOW, SHENYANGSHIJIQUANSHOUJIEIXIUZHONGXIN, SHERONV, SHUMINTAOJIN, SINHOON, STOREUSA, TASIPA, THEOCHY, TONGJI-US, TOYS POUCH, UNIQUEMIRACLE, USHINEMI DIRECT, VTES, WAI HING NON STAPLE FOOD SHOP, WOW GIFT, XIANSHIBEILINQUJINMUJIANGDIANZISHANGWUFUWUBU, XJWLAYF, XUIYUI7I, YUJIAWANG, ZHUZHOUSHILUSONGQUZHONGHUITONGXINCHANPINJINGYINGBU AND 小高家包柜

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Smart** | Smart Study Co., Ltd. | N/A |
| **Defendants** | Awyjcas Direct, BABY gift, bakdropday, Caling Tea set, Candy boutique store, CHUQ, DAHEI, DALITA BOUTIQUE, Display it, Dotrewes, earthdeals, Egao-US, EThouse, FAMVINKLE, fanzhangyi, Firefairy Party Sign, FunDisinn Shop, GemShark, Gonzey, GuangZhouCiLiMaoYiYouXianGongSi, guofengxin, Heartland GO, hefeiyuejiahuanjinggongchengyouxiangongsi, HISOKAY, Hongkai, HOTBABA, huijia wang, Hxezoc, IOYOUHI, Jiazstyled, JINHIT, jinyi1103, JioJioLin, JX-Store, kakadain, LAPARTY, LaVenty, LE Source, LINNAN, Lomoda, LongSky, Luo He Cai Yao Shang Mao You Xian Gong Si, luoheqianxueshangmao, may-records, mengshihang, MGLDSJT, Miss Su Zhao Ying, Oranguu, Partico, Party Heboland, PINGDEAR, Qingxuan Clothing Store, QISHILAOGONG, sabria, senwan gift store, sfgfhhjjh, Sharkshow, shenyangshijiquanshoujieixiuzhongxin, SHERONV, shumintaojin, Sinhoon, storeUSA, TASIPA, Theochy, Tongji-US, TOYS POUCH, UniqueMiracle, Ushinemi Direct, VTES, Wai Hing non staple food shop, WOW GIFT, xianshibeilinqujinmujiangdianzishangwufuwubu, XJwlAYF, Xuiyui7i, yujiawang, zhuzhoushilusongquzhonghuitongxinchanpinjingyingbu and 小高家包柜 | N/A |
| **Defaulting Defendants** | BABY gift, Caling Tea set, Candy boutique store, CHUQ, DAHEI, Display it, earthdeals, Egao-US, FAMVINKLE, fanzhangyi, FunDisinn Shop, GemShark, Gonzey, GuangZhouCiLiMaoYiYouXianGongSi, Guofengxin, Heartland GO, hefeiyuejiahuanjinggongchengyouxiangongsi, HISOKAY, Hongkai, HOTBABA, huijia wang, IOYOUHI, Jiazstyled, jinyi1103, JioJioLin, JX-Store, kakadain, LAPARTY, LE Source, LINNAN, LongSky, Luo He Cai Yao Shang Mao You Xian Gong Si, luoheqianxueshangmao, may-records, mengshihang, MGLDSJT, Miss Su Zhao Ying, Oranguu, PINGDEAR, Qingxuan Clothing Store, QISHILAOGONG, senwan gift store, sfgfhhjjh, Sharkshow, shenyangshijiquanshoujieixiuzhongxin, SHERONV, Sinhoon, storeUSA, TASIPA, Tongji-US, TOYS POUCH, UniqueMiracle, Ushinemi Direct, VTES, Wai Hing non staple food shop, WOW GIFT, XJwlAYF, yujiawang, | Dkt. 45 |

| | | |
|---|---|---|
| | zhuzhoushilusongquzhonghuitongxinchanpinjingyingbu and 小高家包柜 | |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on May 3, 2021 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on May 4, 2021 | Dkt. 5 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on May 4, 2021 | Dkts. 10-14 |
| **Yang Dec.** | Declaration of Su Jeong Yang in Support of Plaintiff's Application | Dkt. 11 |
| **Drangel Dec.** | Declaration of Jason Drangel in Support of Plaintiff's Application | Dkt. 10 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on May 5, 2021 | N/A |
| **PI Show Cause Hearing** | May 27, 2021, hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | May 27, 2021, Preliminary Injunction Order | Dkt. 4 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with | N/A |

| | Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | |
|---|---|---|
| **Baby Shark Content** | One of Smart's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters | N/A |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos.: 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; and 4,993,122 for "PINKFONG" a variety of goods in Classes 9 and 25 | N/A |
| **Baby Shark Applications** | U.S. Trademark Serial Application Nos.: 79/253,035 for "BABY SHARK" for a variety of goods in Classes 41, 25, 16 and 9; 88/046,099 for "PINKFONG BABY SHARK" for a variety of goods in Class 28; 79/252,869 for "PINKFONG" for a variety of goods in Class 41; 79/249,403 for "PINKFONG BABY SHARK" for a variety of goods in Classes 24 and 21; and 88/396,786 for "PINKFONG BABY SHARK" for a variety of goods in Class 25 | N/A |
| **Baby Shark Marks** | The Baby Shark Registrations and Baby Shark Applications | N/A |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot; SR 823-609, covering Baby Shark (Sound Recording and Music); PA 2-142-905, covering Baby Shark (Motion Picture) | N/A |
| **Baby Shark Products** | Smart has developed and initiated an extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as Amazon.com, Inc., Amazon | N/A |

|  | Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |  |
|---|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction filed on September 17, 2021 | TBD |
| **Futterman Aff.** | Affidavit by Danielle (Yamali) Futterman in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Baby Shark Marks and/or Baby Marks Works without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle (Yamali) Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

reasonable and Plaintiff is awarded statutory damages in the amount of $50,000.00 ("Defaulting Defendants' Individual Damages Award") against each of the sixty (60) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest, for a total of Three Million Dollars ($3,000,000.00);

### III. Permanent Injunction

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Baby Shark Marks and/or Baby Marks Works;

   B. directly or indirectly infringing in any manner Plaintiff's Baby Shark Marks and/or Baby Marks Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks & Baby Marks Works to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Baby Shark Marks and/or Baby Marks Works or any other marks and/or artwork that are confusingly or substantially similar to Baby Shark Marks and/or

2

Baby Marks Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;
  ii. Defaulting Defendants' Assets; and
  iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution,

3

display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Baby Shark Marks and/or Baby Marks Works, or bear any marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Marks Works; pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

  A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts; and

  B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(3)(A) above.

### IV.   Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.   Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice

to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the One Thousand U.S. Dollar ($1,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this _23_ day of _November_, 2021, at _10 3· A_.m.

_[signature]_
HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

5